IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT THEODORE DAMICO<br><br>**Plaintiff**<br><br>v.<br><br>HARRAH'S PHILADELPHIA CASINO & RACETRACK a/k/a CHESTER DOWNS AND MARINA, LLC, TROOPER RYAN BUCH, in his official and individual capacities, PENNSYLVANIA STATE POLICE, PENNSYLVANIA STATE GAMING BOARD, JOHN DOES, and JANE DOES<br><br>**Defendants** | **CIVIL ACTION**<br>**NO. 14-06091** |

**PAPPERT, J.**                                                                                             **FEBRUARY 20, 2015**

### MEMORADUM

There are two motions before the Court. Defendant Harrah's Philadelphia Casino & Racetrack, a/k/a Chester Downs and Marina LLC ("Harrah's") has filed a motion to dismiss Plaintiff's amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1] Defendant Pennsylvania State Police (the "State Police") has filed a motion to dismiss Plaintiff's amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, respectively.

Plaintiff Vincent Damico ("Damico"), who is represented by counsel, did not file an opposition to either motion. This allows the Court, if it so chooses, to grant the motions without analyzing the merits of the arguments. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.

---

[1] Harrah's specifies only that it is moving for dismissal pursuant to Rule 12(b). Harrah's arguments in support of dismissal, however, show that Harrah's is contending that the amended complaint fails to state a claim for which relief can be granted.

1991) (explaining that if a party represented by counsel fails to oppose a motion to dismiss, the district court may treat the motion as unopposed and subject to dismissal without a merits analysis). Nevertheless, the Court has thoroughly analyzed the merits of the arguments advanced by Harrah's and the State Police in support of their motions and for the reasons stated below, both motions are granted.

Plaintiff's claims against Harrah's are dismissed without prejudice, and Plaintiff's claims against the State Police are dismissed with prejudice. Additionally, the parties are ordered to show cause why Plaintiff's claims against Defendant Pennsylvania State Gaming Board (the "Gaming Board") and Plaintiff's claims against Defendant Trooper Ryan Buch ("Buch") in his official capacity should not be dismissed as well.

**Factual Background**

Damico filed an amended complaint (Doc. No. 2) asserting 16 causes of action against Harrah's, the State Police, Buch, and the Gaming Board. Damico's claims stem from his arrest on suspicion of attempting to pass counterfeit $100 bills at Harrah's. Five of Damico's asserted causes of action arise under 42 U.S.C. § 1983 (Counts 1 – 5), and the remaining asserted causes of action arise under Pennsylvania state law (Counts 6 – 16). In each count, Damico seeks damages against all defendants.

Damico alleges that he was playing slot machines at Harrah's when he was "stopped, detained, and arrested for use of suspected counterfeit dollars without any explanation to be given." (Am. Compl., ¶ 17.) According to the criminal complaint, which Damico incorporates by reference into his amended complaint, a Harrah's cage supervisor became suspicious of a $100 bill that Damico and his wife attempted to exchange at the casino cage. (*Id.*, Ex. B.) The cage supervisor marked the bill and determined that it was counterfeit. (*Id.*) When the cage

supervisor informed Damico and his wife that the bill was counterfeit, they grabbed a number of other $100 bills they were trying to exchange and attempted to leave the casino. (*Id.*) Harrah's security detained Damico and contacted Buch for further investigation. (*Id.*)

Damico told Buch that Damico's wife had given him two $100 bills that she had received at Valley Forge Casino. (*Id.*) Buch inspected one of the bills that Damico still had in his possession and determined that it was suspicious. (*Id.*) Buch then queried that bill and the others that Damico and his wife had attempted to exchange through the U.S. Secret Service U.S. Dollar Note Search website. (*Id.*) All of the bills came back as known counterfeits. (*Id.*)

Damico was jailed, strip-searched, and a criminal complaint was filed against him. (*See id.* ¶¶ 19, 20.) The suspect counterfeit bills later "came out to be [] genuine United States Hundred Dollar Bills." (*Id.* ¶ 18.) Yet Buch "continued with the criminal complaint and commenced and continued criminal proceedings" against Damico despite knowing that the suspect bills turned out to be authentic. (*Id.* ¶ 19.) The charges against Damico were withdrawn approximately two months after the bills were determined to be authentic. (*See id.* ¶ 34.) The charges, however, have not been expunged, and Damico retains a criminal record. (*Id.* ¶ 35.)

**Discussion**

Damico's Claims Against Harrah's

Harrah's moves for dismissal pursuant to Rule 12(b)(6), contending that the amended complaint fails to state a claim against Harrah's under 42 U.S.C. § 1983. A Rule 12(b)(6) motion tests the sufficiency of the factual allegations in the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). When confronted with a 12(b)(6) motion, a district court must conduct a two-step analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the district court "must accept all of the complaint's well-pleaded facts as true, but may disregard

3

any legal conclusions." *Id.* at 210-11.  Then, it "must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"  *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The district court must "construe the complaint in the light most favorable to the plaintiff . . . ."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Under this standard, Damico's amended complaint fails to state a claim against Harrah's for violation of 42 U.S.C. § 1983.  Section 1983 provides, in relevant part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."  A plaintiff suing pursuant to § 1983 must show (i) a violation of a right secured by the Constitution and laws of the United States and (ii) that the alleged deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."  *Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995).

Private action can be converted into action under color of state law for § 1983 purposes where the private actor "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *Id.*  "A private action is not converted into one under color of state law merely by some tenuous connection to state action."  *Id.*  Nor does a private party become a state actor simply because it is subject to state regulation or receives state funding.  *See Rendell-Baker v. Kohn*, 457 U.S. 830, 841-42 (1982); *Doug Grant,*

4

*Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 189 (3d Cir. 2000) ("State regulation and the [state law] authorization of casino activities do not transform the casinos into state actors."). Rather, there must be "a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974).

      The factual allegations in the amended complaint do not state a plausible claim that any action by Harrah's or any Harrah's employee is attributable to the state. The amended complaint alleges that Harrah's is a private company. (Am. Compl. ¶ 5.) It does not allege any relationship or agreement between Harrah's and Pennsylvania that would clothe Harrah's with the authority of the state or suggest that the state ceded any authority to Harrah's to act on the state's behalf. *See, e.g.*, *Pugh v. Downs*, 641 F. Supp. 2d 468, 475 (E.D. Pa. 2009) (dismissing § 1983 claim against casino security manager where plaintiff failed to allege that the police's independent judgment was ceded to casino security staff). The amended complaint appears to assert § 1983 liability against Harrah's because an unknown Harrah's employee who suspected Damico was attempting to pass counterfeit bills called the State Police and Harrah's security detained Damico until the State Police arrived. Private actors, however, do not "act under color of state law" simply by calling law enforcement or detaining a suspected individual until police arrive. *Caswell v. BJ's Wholesale Co.*, 5 F. Supp. 2d 312, 318 (E.D. Pa. 1998) ("[G]enerally merchants are not considered to be acting under the color of law for the purposes of 1983 when they detain a person suspected of shoplifting or other crimes, call the police, or make a citizen's arrest.") (quoting *Jones v. Wal-Mart*, 33 F.3d 62 (10th Cir. 1994)).

      As a result, Damico's claims against Harrah's under § 1983 (Counts 1 – 5) are dismissed. However, the Court will give Damico the opportunity to file a second amended complaint to

attempt to add factual material sufficient to state a plausible § 1983 claim against Harrah's. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) ("[I]f a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Nevertheless, because all of Damico's federal claims against Harrah's must be dismissed as currently pled and those federal claims are the sole basis of Damico's assertion of this Court's original jurisdiction, the Court will decline to exercise supplemental jurisdiction over Damico's state law claims against Harrah's at this time. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction . . . ."). Damico's state law claims (Counts 6 – 16) against Harrah's are therefore dismissed without prejudice. Damico is free to reassert those claims when filing his second amended complaint.

<u>Damico's Claims Against the State Police</u>

The State Police contend that the Eleventh Amendment to the United States Constitution bars Damico's claims against them. The Eleventh Amendment provides, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." This amendment bars "suit[s] in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury . . . ." *Quern v. Jordan*, 440 U.S. 332, 337 (1979); *see also Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996). Eleventh Amendment immunity extends to state agencies, such as the state police, and state officials sued in their official capacities. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 857 (3d Cir. 2014) ("Sovereign immunity extends to state agencies and state officers, 'as long as the state is the real party in interest.'") (quoting *Fitchik v.*

*N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 659 (3d Cir. 1989)).  The immunity also applies to federal suits brought against a state by one of its own citizens, as Damico has done here.  *Hans v. Louisiana*, 134 U.S. 1, 15 (1890).

A private party plaintiff can avoid Eleventh Amendment immunity only where (i) Congress expressly abrogated state sovereign immunity when providing for a federal cause of action, (ii) the state has consented to suit in federal court, or (iii) the plaintiff has sued a state official for prospective injunctive relief to remedy an ongoing violation of rights.  *See M.A. ex rel. E.S. v. State-Operated Sch. Dist. of Newark*, 344 F.3d 335, 345 (3d Cir. 2003).  None of those exceptions apply here.  Congress did not abrogate state sovereign immunity under § 1983.  *See Quern*, 440 U.S. at 345.  Pennsylvania has expressly withheld its consent to be sued in federal court.  42 Pa.C.S.A. § 8521(b) ("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  And Damico seeks money damages, not prospective injunctive relief. (*See* Compl., Counts 1 - 5.)  As a result, this Court lacks subject matter jurisdiction over Damico's claims against the State Police.  *See, e.g.*, *U.S. v. Pa. State Police*, 548 F. Supp. 9, 12 (E.D. Pa. 1982) ("Since the State Police are clearly a state agency, and there is no contention that it consented to this suit, there is no subject matter jurisdiction.").  Damico's claims against the State Police are therefore dismissed with prejudice.

<u>Damico's Claims Against the Gaming Board and Buch in his Official Capacity</u>

Furthermore, the Eleventh Amendment likely bars this Court from hearing Damico's claims against the Gaming Board and Buch in his official capacity.  The Gaming Board would appear to be entitled to Eleventh Amendment immunity as a regulatory body of the state.  *See Rubino v. Pa. State Gaming Control Bd.*, 1 A.3d 976, 981 (Pa. Commw. Ct. 2010) ("[I]n

accordance with 4 Pa.C.S. § 1202(a)(1) of the Gaming Act, the Board has sole regulatory authority over the conduct of gaming and related activities in the Commonwealth . . . ."). Additionally, Damico's claims against Buch in his official capacity are essentially claims against the State Police.  *See, e.g.*, *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 558 (M.D. Pa. 2012) (concluding that "Eleventh Amendment immunity protects the Pennsylvania State Police and the troopers sued in their official capacities.").  This Court has an obligation to satisfy itself of its jurisdiction, even if the issue is not raised by the parties.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  Therefore, the parties are ordered to show cause why Damico's claims against the Gaming Board and Buch in his official capacity should not be dismissed.  *See Neiderhiser v. Borough of Berwick*, 840 F.2d 213, 216 n.6 (3d Cir. 1988) (noting that district court may dismiss an action for lack of subject matter jurisdiction *sua sponte* after providing the parties with notice and an opportunity to be heard).

      An appropriate order follows.

                                                  /s/ Gerald J. Pappert
                                                  GERALD J. PAPPERT, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT THEODORE DAMICO<br><br>　　　　**Plaintiff**<br><br>　v.<br><br>HARRAH'S PHILADELPHIA CASINO & RACETRACK a/k/a CHESTER DOWNS AND MARINA, LLC, TROOPER RYAN BUCH, in his official and individual capacities, PENNSYLVANIA STATE POLICE, PENNSYLVANIA STATE GAMING BOARD, JOHN DOES, and JANE DOES<br><br>　　　　**Defendants** | CIVIL ACTION<br>NO. 14-06091 |

## ORDER

**AND NOW**, this 20th day of February, 2015, upon consideration of the Amended Complaint (Doc. No. 2), the Motion to Dismiss filed by Defendant Harrah's Philadelphia Casino & Racetrack a/k/a Chester Downs and Marina, LLC ("Harrah's") (Doc. No. 6), to which no opposition was filed, and the Motion to Dismiss filed by Defendant Pennsylvania State Police (the "State Police") (Doc. No. 8), to which no opposition was filed, it is **ORDERED** that:

1. Harrah's motion (Doc. No. 6) is **GRANTED**. Plaintiff's claims against Harrah's are **DISMISSED WITHOUT PREJUDICE**.

2. The State Police's motion (Doc. No. 8) is **GRANTED**. Plaintiff's claims against the State Police are **DISMISSED WITH PREJUDICE**.

3. Plaintiff may file a Second Amended Complaint consistent with this Order on or before **MARCH 6, 2015**.

4. The parties shall **SHOW CAUSE** why Plaintiff's claims against the Pennsylvania Gaming Board and Plaintiff's claims against Trooper Ryan Buch ("Buch") in his official capacity should not be dismissed pursuant to the Eleventh Amendment of the United States Constitution. The parties must submit briefing on this issue according to the following schedule:

   a. **MARCH 6, 2015** – Plaintiff's brief due

   b. **MARCH 20, 2015** – Defendants' briefs due

Any party that does not submit a brief will be deemed to be in support of dismissal. If Plaintiff files a Second Amended Complaint that does not include claims against the Gaming Board and Buch in his official capacity, this paragraph will become inoperative.

BY THE COURT:

/s/ Gerald J. Pappert
GERALD J. PAPPERT, J.